**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID ALLEN NICHOLS,

          Petitioner - Appellant,

v.

JEFFREY BEARD,

          Respondent - Appellee.

No. 13-17043

D.C. No. 2:11-cv-00368

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted April 15, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and GLEASON,** District
Judge.

     David Allen Nichols was convicted by a jury in California Superior Court of

failing to register as a sex offender under former § 290(f) of the California Penal

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      **     The Honorable Sharon L. Gleason, District Judge for the U.S. District
Court for the District of Alaska, sitting by designation.

Code, which required a convicted sex offender to notify the police within five days of a change of address.

The jury also determined that Nichols had previously been convicted of three serious or violent felonies. The Superior Court sentenced Nichols to 28 years to life in prison – 25 years as a base term and one year for each of Nichols' prior prison terms, pursuant to California's Three Strikes Law. On appeal, the California Court of Appeal held that Nichols' sentence did not violate the Eighth Amendment's prohibition against cruel and unusual punishment. The district court dismissed Nichols' habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253 and affirm.

"[A] state prisoner may not obtain federal habeas relief for any claim that was adjudicated on the merits by a state court unless the state court's decision was (1) contrary to clearly established federal law as determined by the Supreme Court, (2) involved an unreasonable application of such clearly established law, or (3) was based on an unreasonable determination of the facts in light of the record before the state court." *Mann v. Ryan*, 774 F.3d 1203, 1210 (9th Cir. 2014) (citing 28 U.S.C. § 2254(d) (internal quotation marks omitted)). We review the last reasoned state court decision–here, the California Court of Appeal's decision. *Id.*

This court has previously held that a California Court of Appeal's ruling that a sex offender's sentence of 26 years to life under California's Three Strikes Law for failing to register within five days after moving did not violate the Eighth Amendment was neither contrary to, nor an unreasonable application of, clearly established federal law. *Crosby v. Schwartz*, 678 F.3d 784 (9th Cir. 2012). The *Crosby* court contrasted Crosby's violation with the technical violation considered in *Gonzalez v. Duncan*, in which we followed a California Court of Appeal's holding that "violation of the annual registration requirement . . . alone is 'an entirely passive, harmless, and technical violation of the registration law,'" to which the Three Strikes Law could not constitutionally be applied. 551 F.3d 875, 885 (9th Cir. 2008) (quoting *People v. Carmony*, 127 Cal. App. 4th 1066, 1077 (2005)).

Nichols argues that *Crosby* is distinguishable because Nichols was convicted based on his failure to "un-register" or "de-register" when he moved away from his town, whereas Crosby was convicted of, *inter alia*, "failing to register within five working days after moving from his residence." *Crosby*, 678 F.3d at 786-87. This distinction is not persuasive. Nichols' violation had the same effect as that at issue in *Crosby* because both cases were not solely technical violations, as the whereabouts of the sex offender was unknown to law enforcement. Accordingly,

3

the district court properly denied Nichols' application for a writ of habeas corpus.

**AFFIRMED.**

---